**M. L. SINGLETON, Appellant,**

**v.**

**Jeanette B. WASHINGTON, next friend of William Charles Washington, Jr., Appellee.**

**No. B2171.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

March 5, 1980.

Rehearing Denied April 2, 1980.

---

1. Amended with no pertinent changes: Tex.Rev.Civ.Stat.Ann. art. 1269m, § 2 (Vernon Supp.1980).

Robert M. Collie, Jr., City Atty., David Lee Crawford, Asst. City Atty., Houston, for appellant.

Gerald E. Hopkins, Houston, for appellee.

Before COULSON, SALAZAR and JUNELL, JJ.

JUNELL, Justice.

Plaintiff, William Charles Washington, Jr. (Washington), by his next friend, Jeanette Washington, brought this suit against five defendants, all City of Houston employees. Washington, an alleged *non compos mentis*, was convicted and jailed after pleading guilty to six municipal charges, four of which were charges against other individuals with similar but not identical, names. Plaintiff alleged that each defendant was guilty of false imprisonment of plaintiff, and, alternatively, that each defendant was negligent. Damages were sought for physical injury, humiliation, insult, indignity and mental pain and suffering, all claimed to have resulted from plaintiff's wrongful imprisonment.

Trial was to a jury, which made the following findings: (1) plaintiff was falsely imprisoned from December 17, 1975 until January 8, 1976; (2) such false imprisonment was not proximately caused by any of the five defendants; (3) the negligence of defendant M. L. Singleton and Jeanette Washington, mother of Washington, proximately caused the incident made the basis of the suit; (4) plaintiff Washington and the other four defendants were not negligent; (5) fifty percent of the negligence that caused the incident was attributable to Singleton and fifty percent was attributable to Jeanette Washington; and (6) plaintiff was damaged in the sum of $5,000.00.

The trial court rendered judgment for plaintiff against Singleton in the amount of $2,500.00. Singleton was employed by the City of Houston as Director and Chief Clerk of the Municipal Courts Administrative Department, a job involving supervision of record maintenance for all of the municipal courts. Singleton appeals claiming there is no evidence to support the jury findings of negligence and proximate cause. We hold that there is no evidence to support the finding of negligence; therefore, we reverse and render.

It is this court's duty to review the evidence and inferences therefrom in a light most favorable to the verdict and to determine whether there is any evidence of probative value, more than a scintilla, to sustain the verdict, disregarding all evidence to the contrary. *Bolstad v. Egleson*, 326 S.W.2d 506 (Tex.Civ.App.—Houston 1959, writ ref'd n. r. e.); *Biggers v. Continental Bus System*, 157 Tex. 351, 303 S.W.2d 359 (1957).

Washington was arrested on October 14, 1975, by Houston police officers and charged in municipal court with misdemeanor theft and unlawfully giving a false name and residence address to the arresting officers. A charge of aggravated assault on a peace officer, arising out of the arrest, was filed in a Harris County court. During the time Washington was being booked into the City jail, the arresting officers checked to determine whether there were any outstanding warrants against Washington, and they were furnished warrants arising out of four charges against three other William Washingtons (William S., William Jasper and William J.). One arresting officer, not assuming that those charges were against the prisoner in custody, questioned Washington concerning the residence addresses on those warrants and was told that Washington had lived at those addresses. With this information the arresting officer, having no reason to suspect any mental incompetency of Washington, matched the four old charges with the two new municipal complaints, believing all six charges to be against the same person, William C. Washington, Jr.

**912**

Singleton testified that if a different system of matching warrants with prisoners were to be implemented, it would be his responsibility to do so. Appellant's only contention of negligence against Singleton is for his allowing the existing system to continue. There is no evidence in the record that there was any negligence in this system of checking to determine that complaints were matched with the correct prisoner. Effort was made by Washington at the trial to prove that checking fingerprints or photographs would have been a better system; but the evidence was undisputed that persons arrested for traffic violations only are not fingerprinted or photographed. We are not prepared to hold that the failure to have a system requiring the fingerprinting and photographing of every person arrested constitutes evidence of negligence on Singleton's part. There was no proof that any such system, or, indeed, a system different in any way from that in effect in the City of Houston, was in use anywhere. Further, there was no evidence that there had been past occurrences of similar incidents or any problems with the mismatching of complaints and prisoners.

Finding no evidence of negligence on the part of Singleton, the judgment against him must be reversed and rendered that plaintiff take nothing.

Reversed and rendered.